UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MITEL HARESH PATEL,

    Petitioner,

v.

ALBERTO R. GONZALES, et al.,

    Respondents.

CASE NO. C06-1090-JLR-MJB

REPORT AND RECOMMENDATION

## I. INTRODUCTION AND SUMMARY CONCLUSION

On August 2, 2006, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention while in removal proceedings. (Dkt. #4). Respondents have moved to dismiss, arguing that petitioner is properly detained under the Attorney General's discretion pursuant to Section 236 of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1226, because he remains in removal proceedings. (Dkt. #13).

Having carefully reviewed the entire record, I recommend that petitioner's habeas petition (Dkt. #4) be DENIED and that respondents' motion to dismiss (Dkt. #13) be GRANTED.

REPORT AND RECOMMENDATION
PAGE – 1

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner Mitel Haresh Patel is a native and citizen of the United Kingdom who entered the United States at Orlando, Florida in January 1997 as a visitor. (Dkt. #14 at R66, L5). On January 31, 1997, petitioner married Danielle Lynn Parker, a United States citizen. (Dkt. #14 at L3). On June 12, 1997, petitioner was granted *conditional* permanent residence status by virtue of his marriage to a United States citizen. (Dkt. #14 at L42). In accordance with INA § 216c, petitioner and his wife were required to file a joint petition requesting removal of the conditional basis of his residence between March 12, 1999 and June 12, 1999. *Id.* No petition was ever filed. Accordingly, on February 7, 2000, petitioner's permanent residence status was terminated as of June 13, 1999. *Id.* Petitioner and his wife annulled their marriage approximately eight months after they were married. (Dkt. #14 at L66).

On December 6, 2005, petitioner was convicted in the Superior Court of the State of Washington for Spokane County of Attempted Child Rape in the Second Degree in violation of RCW 9A.44.076(1)AT-F (9A.28.020(1)). (Dkt. #14 at R119). On March 30, 2006, the Spokane County Court suspended petitioner's sentence of 72 months to life in prison on the condition that he serve 329 days in jail and comply with the conditions of probation. (Dkt. #14 at R113).

On April 6, 2006, U.S. Immigration and Customs Enforcement ("ICE") placed a detainer on petitioner's release from custody. At the same time, ICE served petitioner with a Notice to Appear, charging petitioner with removability under INA § 237(a)(2)(A)(iii), 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien convicted of an aggravated felony as defined in INA § 101(a)(43)(A), 8 U.S.C. § 1104(a)(43)(A), as an alien convicted of a crime of child abuse. (Dkt. #14 at L37-40). On April 17, 2006, petitioner was served with a Warrant for Arrest of

REPORT AND RECOMMENDATION
PAGE – 2

Alien and a Notice of Custody Determination, transferring him into the custody of ICE pending a removal hearing. (Dkt. #14 at L35-36). On August 25, 2006, the IJ held a bond redetermination hearing and denied petitioner release on bond. (Dkt. #13, Ex. A). Petitioner currently remains in removal proceedings.

On August 2, 2006, petitioner filed the instant petition for writ of habeas corpus, challenging his continued detention. (Dkt. #4). On September 11, 2006, the government filed a return memorandum and motion to dismiss. (Dkt. #13). Petitioner subsequently filed a motion to amend his habeas petition (Dkt. #17) and a motion to strike respondents' motion to dismiss (Dkt. #18), which the Court construes as response briefs to the government's motion to dismiss. On October 6, 2006, respondents filed a reply. (Dkt. #19). The habeas petition and motion to dismiss are now ready for review.

### III.  DISCUSSION

Petitioner challenges his continued detention by ICE while he remains in removal proceedings. (Dkt. #4). Respondents argue that the Attorney General has statutory authority to detain petitioner pending the outcome of his removal proceedings, and that petitioner is lawfully detained pursuant to INA § 236(a). (Dkt. #13). Respondents further contend that the IJ has already heard and denied petitioner's request for release on bond, and, as his detention is not indefinite, request that the Court deny petitioner's habeas petition and grant the government's motion to dismiss.

Section 236(a) of the INA provides as follows:

> [A]n alien may be arrested and detained pending a decision on whether the alien is to be removed from the United Stated. . . . [P]ending such decision, the Attorney General – (2) may release the alien on . . . bond of at least $1,500.

INA § 236(a), 8 U.S.C. § 1226(a). Generally, bond should be granted unless there is a finding

REPORT AND RECOMMENDATION
PAGE – 3

that the alien is a threat to national security, likely to abscond, or a poor bail risk. *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976). Thus, if the alien is not a danger to the community or likely to abscond, he should be released on bond. Criteria that may generally be considered for bond under *Matter of Patel* are:

    a. local family ties;

    b. prior arrest, convictions, appearances at hearings;

    c. employment or lack of employment;

    d. membership in community organizations;

    e. manner of entry and length of time in the U.S.;

    f. immoral acts or participation in subversive activities;

    g. financial ability to post bond.

*Matter of Patel*, 15 I&N Dec. at 666.

In the present case, an IJ has already held a bond redetermination hearing and denied petitioner release on bond. Accordingly, petitioner remains properly detained pursuant to INA § 236(a) while in removal proceedings.[1]

Petitioner also claims in his response brief that his criminal conviction is currently on "direct appeal," and therefore, cannot serve as a basis for a final order of removal. (Dkts. #17 and #18). The government responds that "[w]hile Mr. Patel may be correct that immigration

---

[1] Petitioner also claims that his detention is indefinite. (Dkt. #4). In *Zadvydas v. Davis*, 533 U.S. 678, 121 S. Ct. 2491, 150 L. Ed. 2d 653 (2001), the Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized." It is unclear why petitioner claims that his detention is indefinite. *Zadvydas* addressed the issue of detention beyond the 90-day statutory removal period under INA § 241, 8 U.S.C. § 1231. In the instant case, a final order of removal has not yet been entered, and petitioner remains detained "in proceedings" under INA § 236(a). Since the 90-day statutory removal period has not yet commenced, *Zadvydas* is inapplicable. Therefore, the Court rejects petitioner's claim that his detention is indefinite.

REPORT AND RECOMMENDATION
PAGE – 4

authorities cannot consider a criminal conviction, pending appeal, as a basis for a final order of removal, his claim is not ripe for judicial review" because he remains in removal proceedings. (Dkt. #19).  *See St. Clair v. City of Chico*, 880 F.2d 199, 200 (9th Cir. 1989)(district court lacks jurisdiction to consider unripe claims).  The Court agrees with respondents that petitioner's claim is not yet ripe for review because petitioner's removal proceedings are ongoing.  Moreover, even if petitioner's claim was ripe, this Court lacks jurisdiction to review orders of removal under the REAL ID Act.  Judicial review of a removal order is governed by INA § 242, 8 U.S.C. § 1252, as amended by the REAL ID Act of 2005.  REAL ID Act of 2005, H.R. 1268, 109th Cong. (2005)(enacted), Pub. L. No. 109-13, Div. B, 119 Stat. 231 ("REAL ID Act").  This statutory provision provides, in part, that the exclusive means of asserting a challenge to a final order of removal and matters dependent thereon, such as the one challenged herein, is to file a Petition for Review with the appropriate court of appeals, which in this case is the Ninth Circuit Court of Appeals.  8 U.S.C. § 1252 (b)(2); (a)(5)("[A] petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter").  This provision makes clear that this Court does not have jurisdiction to entertain petitioner's challenge to his removal order.  Accordingly, claims by petitioner in which he challenges his order of removal may not be considered in this habeas corpus action.

//

//

REPORT AND RECOMMENDATION
PAGE – 5

IV. <u>CONCLUSION</u>

For the foregoing reasons, I recommend that respondents' motion to dismiss be granted, and that the action be dismissed. A proposed Order accompanies this Report and Recommendation.

DATED this 25th day of January, 2007.

MONICA J. BENTON
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE – 6